# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,<br>    1615 M Street NW<br>    Washington, DC 20419<br><br>                    *Plaintiff*,<br><br>            -against-<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury,<br>    1500 Pennsylvania Avenue NW<br>    Washington, DC 20220<br><br>TRENT MORSE, in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office,<br>     1600 Pennsylvania Avenue NW<br>     Washington, DC 20500<br><br>SERGIO GOR, in his official capacity as Director of the White House Presidential Personnel Office,<br>    1600 Pennsylvania Avenue NW<br>    Washington, DC 20500<br><br>HENRY J. KERNER, in his official capacity as Acting Chairman of the Merit Systems Protection Board,<br>    1615 M Street NW<br>    Washington, DC 20419<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br>    1600 Pennsylvania Avenue NW<br>    Washington, DC 20500<br><br>RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget,<br>    725 17th Street, NW<br>    Washington, DC 20503<br>                    *Defendants.* | Civil Case No. _____<br><br><br><br>**EMERGENCY TEMPORARY RESTRAINING ORDER SOUGHT**<br><br>**EMERGENCY HEARING RESPECTFULLY REQUESTED** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. The Merit Systems Protection Board is an independent federal agency. Plaintiff Cathy A. Harris has been a Member of the Merit Systems Protection Board since June 1, 2022, following her nomination by the President and confirmation by the Senate. She is entitled to continue to serve as a Member of the Merit Systems Protection Board for the remainder of her term until March 1, 2028 and may be removed by the President "only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

2. On February 10, 2025, President Trump disregarded that clear statutory language and, in a one-sentence email, purported to terminate Ms. Harris. That email made no attempt to comply with the statute's for-cause removal protection. It stated simply: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Merit Systems Protection Board is terminated, effective immediately."

3. President Trump's purported removal of Ms. Harris is unlawful. It has no basis in fact and thus cannot be squared with the statutory text. And it is in direct conflict with nearly a century of precedent that defines the standard for removal of independent agency officials and upholds the legality of virtually identical for-cause removal protections for members of independent agencies.

4. As a Member of the Merit Systems Protection Board, Ms. Harris brings this action against President Trump, the Director of the White House Presidential Personnel Office, the Acting Chairman of the Merit Systems Protection Board, the Secretary of the Treasury, and the Office of Management and Budget, seeking a declaratory judgment and injunction and, on an emergency basis, a temporary restraining order to prevent the deprivation of her statutory

entitlement to exercise the duties of her office.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361.

6. Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff Cathy A. Harris is a Member of the United States Merit Systems Protection Board.

8. Defendant Scott Bessent is the Secretary of the Treasury. He is sued in his official capacity.

9. Defendant Trent Morse is the Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office. He is sued in his official capacity.

10. Defendant Sergio Gor is the Director of the White House Presidential Personnel Office. He is sued in his official capacity.

11. Defendant Henry J. Kerner is the Acting Chairman of the Merit Systems Protection Board. He is sued in his official capacity.

12. Defendant Donald J. Trump is the President of the United States and is responsible for the decision to remove Ms. Harris from her office. He is sued in his official capacity.

13. Defendant Russell Vought is the Director of the Office of Management and Budget. He is sued in his official capacity.

## STATUTORY BACKGROUND

14. The Merit Systems Protection Board ("MSPB") is an independent agency of the United States. In 1978, Congress first established the MSPB as part of the Civil Service

Reform Act of 1978 ("CSRA"), PL 95–454 (S 2640), 92 Stat. 1111 (Oct. 13, 1978). The CSRA was enacted to address widespread public concerns about the federal civil service.[1]

15. The legislation that became the CSRA was first proposed by President Carter. In a letter to Congress, President Carter requested that Congress create the MSPB, whose members would be removable only for cause. President Carter explained that this structure was intended to "guarantee independent and impartial protection to employees" and thereby "safeguard the rights of Federal employees who 'blow the whistle' on violations of laws or regulations by other employees, including their supervisors."[2]

16. Over the following seven months, Congress worked to formulate President Carter's proposal into final legislation. Throughout these deliberations, Congress emphasized the importance of an independent MSPB with sufficient authority to protect the federal workforce consistent with merit system principles. To ensure that independence, Congress in the CSRA provided that the Members of the MSPB "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." Civil Service Reform Act, P.L. 95-454, 92 Stat. 1111, Ch. 12, § 1202.

17. On October 13, 1978, President Carter signed the CSRA into law, declaring that the "landmark legislation" would create "a new system of excellence and accountability."[3]

18. The MSPB's primary mission is to provide the people of the United States with a competent, honest, and productive Federal workforce, provide that Federal personnel

---

[1] *The Civil Service and the Statutory Law of Public Employment*, 97 Harv. L. Rev. 1619, 1631–32 (1984).

[2] Federal Civil Service Reform Message to the Congress (Mar. 2, 1978), https://www.presidency.ucsb.edu/documents/federal-civil-service-reform-message-the-congress.

[3] *President Jimmy Carter Remarks on Signing the Civil Service Reform Act of 1978 into Law* (Oct. 13, 1978), https://www.presidency.ucsb.edu/documents/civil-service-reform-act-1978-statement-signing-s-2640-into-law.

management is implemented consistent with merit systems principles and free from prohibited personnel practices, including reprisal for whistleblowing. Civil Service Reform Act, P.L. 95-454, 92 Stat. 1111, Ch. 11, § 1101.

19. Members of the MSPB hear, adjudicate, or provide for the hearing or adjudication, of all matters within the MSPB's jurisdiction involving Federal employees and Federal agencies. Members of the Board are empowered to order any Federal agency or employee to comply with any order or decision issued by the Board and enforce compliance with any such order. 5 U.S.C. § 1204(a)(1)-(2).

20. Members of the MSPB are to conduct, from time to time, special studies relating to the civil service and to other merit systems in the executive branch, and report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected. 5 U.S.C. § 1204(a)(3).

21. Members of the MSPB are required to review rules and regulations of the Office of Personnel Management. 5 U.S.C. § 1204(a)(4).

22. A Member of the MSPB must be nominated by the President and confirmed by the Senate. Members of the MSPB must also be "individuals who, by demonstrated ability, background, training, or experience are especially qualified to carry out the functions of the Board." 5 U.S.C. § 1201.

23. Once confirmed, a Member of the MSPB serves a seven-year term and, if a successor has not yet been appointed, up to one additional year. "Any member may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202.

## FACTUAL ALLEGATIONS

24. On or about June 24, 2021, President Biden nominated Plaintiff Cathy A. Harris to be a Member of the MSPB.[4] Ms. Harris was renominated by President Biden to be a Member of the MSPB on January 4, 2022. The Senate confirmed Ms. Harris on May 25, 2022, and she was sworn in as a Member of the Board on June 1, 2022.[5] Ms. Harris's term expires on March 1, 2028.

25. President Biden designated Ms. Harris as Vice Chairman of the MSPB on June 6, 2022, and she served as Acting Chairman of the MSPB until March 6, 2024. The Senate confirmed Ms. Harris as Chairman on March 6, 2024. Ms. Harris was sworn in as Chairman of the MSPB on March 14, 2024.[6]

26. On February 11, 2025, Ms. Harris received an email from Trent Morse, Deputy Assistant to the President and the Deputy Director of the White House Presidential Personnel Office, which stated in its entirety: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Merit Systems Protection Board is terminated, effective immediately. Thank you for your service[.]" Ex. A.

27. The one-sentence email does not allege any inefficiency, neglect of duty, or malfeasance in office by Ms. Harris, nor is there any basis for such an allegation.[7] In flagrant

---

[4] *MSPB Annual Report for FY 2021*, Merit Systems Protection Board (Feb. 18, 2022), https://www.mspb.gov/about/annual_reports/MSPB_FY_2021_Annual_Report_1900943.pdf.

[5] *MSPB Welcomes Acting Chairman Cathy A. Harris*, Merit Systems Protection Board (June 6, 2022), https://www.mspb.gov/publicaffairs/press_releases/Cathy_Harris_Press_Release_1930967.pdf.

[6] *New MSPB Chairman and Vice Chairman*, Merit Systems Protection Board (Mar. 14, 2024), https://www.mspb.gov/publicaffairs/press_releases/New_MSPB_Chairman_and_Vice%20Chairman.pdf.

[7] Under Ms. Harris's leadership, the MSPB was able to complete the processing of an unprecedented backlog of pending appeals. In addition to new matters, when Ms. Harris joined

15

disregard for the clear statutory text, Ms. Harris was purportedly terminated without basis, justification or authority.

28. The MSPB's ability to protect the civil service is needed now more than ever. Over the preceding three weeks, an unprecedented number of federal employees with civil service protections have been placed on administrative leave with a threat that their due process rights and civil service protections will be taken away.[8] Senior career officials have been purged from the Federal Bureau of Investigations. Eighteen Inspectors General from across the federal government have been removed without the justification required by statute.[9] And hundreds of federal employees have been locked out of their computer systems by the U.S. DOGE Service Temporary Organization.[10]

29. The President has also attempted to remove Board Member Gwynne Wilcox from the National Labor Relations Board and Special Counsel Hampton Dellinger despite clear statutory for-cause removal protection.[11]

---

the MSPB, the Board inherited a case inventory at headquarters of 3793 cases which had accumulated over a five-year period during which the MSPB did not have a quorum of Members. As of January 1, 2025, the Board had issued decisions on 4620 cases, with only 56 cases from the inherited inventory remaining pending. Merit Systems Protection Board - Lack of Quorum and the Inherited Inventory: Chart of Cases Decided and Cases Pending, https://www.mspb.gov/foia/files/HQ_Case_Processing_Data.pdf.

[8] *See* Executive Order 14171 (Jan. 20, 2025).

[9] *Grassley, Durbin Seek Presidential Explanation for IG Dismissals*, Senate Judiciary Comm. (Jan. 28, 2025), https://www.judiciary.senate.gov/press/rep/releases/grassley-durbin-seek-presidential- explanation-for-ig-dismissals.

[10] Ellen Knickmeyer et al., *Trump and Musk move to dismantle USAID, igniting battle with Democratic lawmakers*, AP (Feb. 3, 2025), https://apnews.com/article/trump-musk-usaid-c0c7799be0b2fa7cad4c806565985fe2; Tim Reid, *Exclusive: Musk aides lock workers out of OPM computer systems*, Reuters (Feb. 2, 2025), https://www.reuters.com/world/us/musk-aides-lock- government-workers-out-computer-systems-us-agency-sources-say-2025-01-31/.

[11] Andrew Hsu, *Trump fires EEOC and labor board officials, setting up legal fight*, NPR (Jan. 28, 2025), https://www.npr.org/2025/01/28/nx-s1-5277103/nlrb-trump-wilcox-abruzzo-democrats- labor; Chris Cameron, *A Judge blocked Trump's firing of government watchdog,*

30. These events are ongoing, and they have caused "chaos" and "confusion" among civil servants and agency officials.[12] They directly implicate the public's interest in the smooth functioning of the federal workforce, and they raise troubling questions under both the civil service statutes and the Constitution.

## CLAIMS FOR RELIEF

### COUNT ONE
### ULTRA VIRES IN VIOLATION OF STATUTORY AUTHORITY

31. The preceding paragraphs are incorporated and realleged here.

32. Ms. Harris has a clear entitlement to remain in her office. Once confirmed by the Senate, a Member of the MSPB serves a seven-year term. 5 U.S.C. § 1202. A Member of the MSPB may be removed from that term "by the President only for inefficiency, neglect of duty, or malfeasance in office." *Id.*

33. The constitutionality of that protection is dictated by nearly a century of binding Supreme Court precedent upholding materially identical restrictions. *Humphrey's Executor v. United States*, 295 U.S. 602, 620 (1935); *Wiener v. United States*, 357 U.S. 349, 356 (1958).

34. President Trump's purported termination of Ms. Harris is unlawful. The President did not purport to remove Ms. Harris on the basis of "inefficiency, neglect of duty, or malfeasance in office." In fact, the President's termination email provided no justification at all for the termination.

35. As a result, the President's termination of Ms. Harris is *ultra vires* and is a clear

---

New York Times (Feb. 10, 2025), https://www.nytimes.com/live/2025/02/10/us/trump-news/a-judge-blocked-trumps-firing-of-a-government-watchdog.

[12] Allan Smith, *'Fear' and 'chaos' grip federal workers as Trump rapidly remakes the government*, NBC News (Jan. 30, 2025), https://www.nbcnews.com/politics/donald-trump/fear-chaos-grip- federal-workers-trump-remakes-government-rcna189746.

violation of the statute.

## COUNT TWO
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 706(1) and 706(2)
(Against Defendants Bessent, Gor, Morse, Kerner, and Vought)

36. The preceding paragraphs are incorporated and realleged here.

37. To the extent that Defendants Bessent, Gor, Morse, Kerner, and Vought exercise authority with respect to, or on behalf of, the Merit Systems Protection Board without regard to Ms. Harris's position as Member, those actions are "not in accordance with the law," "contrary to a constitutional right, power, privilege, or immunity," and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2). Ms. Harris seeks to hold unlawful and set aside such actions, pursuant to section 706 the Administrative Procedure Act and to compel agency action unlawfully withheld or unreasonably delayed.

## COUNT THREE
### DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 and 2202

38. The preceding paragraphs are incorporated and realleged here.

39. Ms. Harris is entitled to declaratory relief on the basis of all claims identified. There is a substantial and ongoing controversy between Ms. Harris and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Ms. Harris is a Member of the MSPB and that the President does not have authority to remove her absent inefficiency, neglect of duty, or malfeasance in office.

## COUNT FOUR
### VIOLATION OF THE SEPARATION OF POWERS

40. The preceding paragraphs are incorporated and realleged here.

41. President Trump's purported removal of Ms. Harris is further invalid because it

15

violates Article I, section 8 and Article II, sections 2 and 3 of the U.S. Constitution. The Constitution empowers Congress to set reasonable limitations on the removal of the heads of independent agencies and it does not confer on the President an authority to violate Congress's scheme. The President's purported removal of Ms. Harris violates the authorities vested in Congress by the Constitution and further violates the President's duty to "take Care that the Laws be faithfully executed."

## COUNT FIVE
## WRIT OF MANDAMUS

42. The preceding paragraphs are incorporated and realleged here.

43. In the alternative, Ms. Harris is entitled to a writ of mandamus. The MSPB statute's removal restrictions impose a ministerial duty on the President and subordinate officials not to interfere with Ms. Harris's tenure in office absent cause for inefficiency, neglect of duty, or malfeasance in office. *See Swan v. Clinton*, 100 F.3d 973, 977-78 (D.C. Cir. 1996).

44. Ms. Harris is entitled to a writ of mandamus prohibiting her removal from office and, absent this Court granting one of the counts identified above, there is no other adequate means of redress.

## COUNT SIX
## EQUITABLE RELIEF FOR STATUTORY AND
## CONSTITUTIONAL VIOLATIONS

45. The preceding paragraphs are incorporated and realleged here.

46. Under this Court's traditional equitable jurisdiction, the plaintiff is entitled to equitable relief to prevent and restrain ongoing violations of both statutory and constitutional federal law by the defendants. Equitable actions have "long been recognized as the proper means" to prevent public officials from acting unconstitutionally. Because such actions seek simply to halt or prevent a violation of federal law rather than the award of money

damages, they do not ask the Court to imply a new cause of action. To the contrary, the ability to sue to enjoin unlawful and unconstitutional actions by federal officers is the creation of courts of equity and reflects a long history of judicial review of illegal executive action, tracing back to England. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015).

## PRAYER FOR RELIEF

Plaintiff Cathy A. Harris requests that the Court:

a. Declare that the President's termination of Plaintiff Cathy A. Harris was unlawful, and that Plaintiff Cathy A. Harris is a Member of the Merit Systems Protection Board;

b. Declare that Plaintiff Cathy A. Harris is a Member of the Merit Systems Protection Board who may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office;

c. Order that Plaintiff Cathy A. Harris may not be removed from her office as Member of the Merit Systems Protection Board or in any way be treated as having been removed, denied or obstructed in accessing any of the benefits or resources of her office, or otherwise be obstructed from her ability to carry out her duties;

d. Order that Defendants Bessent, Gor, Morse, Kerner, and Vought may not exercise authority with respect to, or on behalf of, the Merit Systems Protection Board without regard to Ms. Harris's position as Member;

e. Order Defendants Bessent, Gor, Morse, Kerner, and Vought to pay Plaintiff Cathy A. Harris all wages and benefits owed to her as Member of the Merit Systems Protection Board;

f. Award Plaintiff's attorney fees and costs; and

g. Award all other appropriate relief.

|  | Respectfully submitted, |
|---|---|
|  | /s/ **Michael J. Kator** |
| Linda M. Correia, D.C. Bar No. 435027 | Michael J. Kator, D.C. Bar No. 366936 |
| CORREIA & PUTH, PLLC | Jeremy D. Wright, D.C. Bar No. 483297 |
| 1400 16th Street, NW, Suite 450 | Kerrie D. Riggs, D.C. Bar No. 995784 |
| Washington, D.C.  20036 | KATOR, PARKS, WEISER & WRIGHT, P.L.L.C. |
| (202) 602-6500 | 1150 Connecticut Ave., NW, Suite 705 |
| lcorreia@correiaputh.com | Washington, D.C.  20036 |
|  | (202) 898-4800 |
|  | (202) 289-1389 (fax) |
| James Eisenmann, D.C. Bar No. 435456 | mkator@katorparks.com |
| ALDEN LAW GROUP, PLLC | jwright@katorparks.com |
| 1850 M St., NW, Suite 901 | kriggs@katorparks.com |
| Washington, D.C.  20036 |  |
| (202) 463-0300 |  |
| jeisenmann@aldenlg.com |  |
|  | *Attorneys for Plaintiff Cathy A. Harris* |

15