IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHY A. HARRIS,<br><br>      *Plaintiff*,<br><br>v.<br><br>SCOTT BESSENT, *et al.*,<br><br>      *Defendants*. | Civil Action No. 1:25-cv-00412-RC |

## **DEFENDANTS' MOTION TO STAY THE COURT'S TEMPORARY RESTRAINING ORDER**

On February 10, 2025, the President exercised his lawful authority under Article II when he removed Plaintiff Cathy Harris from her position as a Member of the Merit Systems Protection Board (the "Board" or "MSPB"). Nonetheless, that day, Plaintiff filed this action challenging her removal, ECF No. 1, shortly thereafter moving for a temporary restraining order, ECF No. 2. On February 18, 2025, the Court granted Plaintiff's motion, issuing a temporary restraining order stating that Defendants are "enjoined from removing Harris from her office or in any way treating her as having been removed, denying or obstructing Harris's access to any of the benefits or resources of her office, placing a replacement in Harris's position, or otherwise recognizing any other person as a member of the MSPB in Harris's position, pending further order of the Court." Order, ECF No. 8; *see also* Mem. Op., ECF No. 9.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order and plan to seek a stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants

1

respectfully move the Court to stay its temporary restraining order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh in favor of a stay.

First, Plaintiff has fallen far short of the required "strong showing" that she is likely to succeed on the merits. The Constitution vests the entirety of the "executive Power" in the President, who is given the sole responsibility to "take Care that the Laws be faithfully executed." Art. II, § 1, cl. 1; *id.* § 3. For nearly a century, the Supreme Court has repeatedly reaffirmed "the President's power to remove—and thus supervise—those who wield executive power on his behalf." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 204 (2020) (citing *Myers v. United States*, 272 U.S. 52 (1926)). Because the MSPB is an executive branch agency that wields significant executive power, the President may lawfully remove its Members at will.

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). The Court's temporary restraining order—in which it reinstalled Plaintiff in the office from which the President had removed her—is an extraordinary act. It is a significant intrusion into the President's authority to exercise "all of" "the 'executive Power'" of the United States, *Seila Law*, 590 U.S. at 203. The President is being prevented from installing an agency head of the President's choosing to implement his agenda, and the President must instead retain an agency head against his will. That sort of harm—to the Executive Branch, to the separation of powers, and to our democratic system—is transparently irreparable.

Conversely, Plaintiff has not established that she will suffer irreparable harm if the Court's order is stayed pending appeal. Although Plaintiff's removal deprives her of her employment and salary, such consequences ordinarily do not amount to *irreparable* injury, "however severely they may affect a particular individual." *Sampson* v. *Murray*, 415 U.S. 61, 92 n.68 (1974). The traditional remedy

2

for such claims has been an award of back pay at the end of the case, not interim reinstatement. *See* Order, *Dellinger v. Bessent*, No. 25-5028 (D.C. Cir.) (Katsas, J., dissenting), at 11. And to the extent Plaintiff asserts irreparable harm to the functioning of the MSPB itself, that assertion is misplaced, because the MSPB can continue to function without Plaintiff. *See* Eric Katz, *Trump fires one-third of federal employee appeals board*, Government Executive (Feb. 11, 2025, 3:38 p.m.), https://www.govexec.com/management/2025/02/trump-fires-one-third-federal-employee-appeals-board/402912/ (noting "the board will maintain its quorum").

For these reasons, the Court should grant a stay of its temporary restraining order pending resolution of Defendants' appeal.

Dated: February 20, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Principal Deputy Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

/s/ Madeline M. McMahon
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*