UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,<br><br>Plaintiff,<br><br>-against-<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,<br><br>Defendants. | Civil Case No. 1:25-cv-00412-RC<br><br><br><br>**ORAL ARGUMENT<br>RESPECTFULLY REQUESTED** |

## Opposition To Defendants' Motion to Stay Temporary Restraining Order

In opposing Plaintiff's request for a temporary restraining order, the Government asks this Court to ignore landmark, century-old Supreme Court precedent for the thinnest of reasons. Defs' TRO Opp. 8 n.1 (acknowledging that "*Humphrey's Executor* is binding on this Court"). Now the Government has taken the extraordinary step of asking this Court for a stay of its emergency relief.

This Court should reject that request. It is hornbook law that a litigant cannot appeal a temporary restraining order, and earlier this week a panel of the D.C. Circuit confirmed that the Court of Appeals lacked jurisdiction over a similar appeal to a temporary restraining order in the case involving the purported removal of Special Counsel Hampton Dellinger. *See Dellinger v. Bessent*, No. 25-5028 (D.C. Cir, Feb. 15, 2024). Indeed, the whole purpose of the temporary restraining order is to preserve the *status quo* for a few days while the parties can brief the case and produce an appealable order for appellate review.

This is no meaningful justification for this appellate fire drill—except, perhaps, Defendants' thin hope of a different result this time in the Court of Appeals. This Court has already established an extremely expedited briefing schedule in which Plaintiff's brief is due this Sunday,

1

February 23, 2025, and Plaintiff has agreed to consolidate the preliminary injunction with a merits hearing under Federal Rule of Civil Procedure 65(a)(2).  The merits of this case are crystal clear, indeed perhaps even stronger than in *Dellinger* because Plaintiff Harris serves as a member of "a traditional independent agency" "run by a multimember board."  *Seila L. LLC v. CFPB*, 591 U.S. 197, 206 (2020); *see* TRO Op. 9 ("This case appears to be on all fours with *Humphrey's Executor*.").  Meanwhile, the Government with no sense of irony declines to engage with this Court's opinion, accuses this Court of ignoring precedent, and argues that this Court's order to preserve the status quo threatens "our democratic system."  TRO Op. 2.  This Court should apply settled law and deny the motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to stay the Temporary Restraining Order pending appeal.

Respectfully submitted,

 /s/ Jeremy D. Wright

| | |
|---|---|
| Linda M. Correia, D.C. Bar No. 435027<br>CORREIA & PUTH, PLLC<br>1400 16th Street, NW, Suite 450<br>Washington, D.C.  20036<br>(202) 602-6500<br>lcorreia@correiaputh.com | Michael J. Kator, D.C. Bar No. 366936<br>Jeremy D. Wright, D.C. Bar No. 483297<br>Kerrie D. Riggs, D.C. Bar No. 995784<br>KATOR, PARKS, WEISER & WRIGHT, P.L.L.C.<br>1150 Connecticut Ave., NW, Suite 705<br>Washington, D.C.  20036<br>(202) 898-4800<br>(202) 289-1389 (fax)<br>mkator@katorparks.com<br>jwright@katorparks.com<br>kriggs@katorparks.com |
| Dated: February 20, 2025<br>          Washington, D.C. | *Attorneys for Plaintiff Cathy A. Harris* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2025, I filed the foregoing document with the Court via ECF, which will automatically serve all counsel of record, including:

MADELINE M. MCMAHON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Email: madeline.m.mcmahon@usdoj.gov

                                               **/s/ Jeremy D. Wright**
                                               Jeremy D. Wright