UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CATHY A. HARRIS, *in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board*, | : : : : | | |
| Plaintiff, | : : | Civil Action No.: | 25-412 (RC) |
| v. | : : | Re Document No.: | 16 |
| SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*, | : : : : | | |
| Defendants. | : | | |

# ORDER

**DENYING DEFENDANTS' MOTION TO STAY TEMPORARY RESTRAINING ORDER**

On February 18, 2025, this Court issued a temporary restraining order requiring Defendants to reinstate Plaintiff Cathy A. Harris as Chairman of the Merit Systems Protection Board. *See* Order Granting Mot. for Temporary Restraining Order, ECF No. 8. In its accompanying memorandum opinion, the Court reasoned that Harris was likely to show both that her termination violated a federal statute, and that the statute was constitutional under *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). *See generally* Mem. Op. Granting Mot. for Temporary Restraining Order ("Mem. Op."), ECF No. 9. The Court additionally reasoned that Harris would suffer irreparable harm absent injunctive relief, and that the equities and public interest weighed in favor of a temporary restraining order. *See id.* Defendants now move to stay the temporary restraining order. *See* Defs.' Mot. to Stay Temporary Restraining Order ("Defs.' Mot."), ECF No. 16.

"[T]he factors regulating the issuance of a stay" include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  As the Court discussed in its memorandum opinion, Harris—not Defendants—has shown a likelihood of success on the merits.  *See* Mem. Op. at 5–11.  Defendants do not establish irreparable harm flowing from the Government's requirement to follow the law, particularly one supported by at least ninety years of Supreme Court precedent.  *See* Defs.' Mot. at 2 (arguing that the President's inability to appoint a replacement constitutes irreparable harm).  The Court has likewise explained that the public interest and balance of the equities weigh in favor of injunctive relief when the Government is asked to abide by federal law.  *See* Mem. Op. at 20.  Staying the temporary restraining order would additionally "substantially injure" Harris for the reasons the Court explained in its memorandum opinion.  *Hilton*, 481 U.S. at 776; *see also* Mem. Op. at 11–19.  The Court thus finds a stay unwarranted here, particularly given the parties' compressed schedule for briefing on the merits of Harris's claims.  *See* Joint Status Report, ECF No. 13 (stating parties' agreement to consolidate preliminary injunction with the merits under Federal Rule of Civil Procedure 65(a)(2)).

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Stay Temporary Restraining Order (ECF No. 16) is **DENIED**.

**SO ORDERED**.

Dated:  February 20, 2025                                                            RUDOLPH CONTRERAS
                                                                                                         United States District Judge