IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,<br><br>     Plaintiff,<br><br>  v.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,<br><br>     Defendants. | Case No. 1:25-cv-00412-RC |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**

  *Amicus curiae* Constitutional Accountability Center (CAC) respectfully moves for leave to file the attached brief in support of Plaintiff and in support of her motion for preliminary injunction. Counsel for all parties have consented to the filing of this brief. In support of this motion, *amicus* states:

  1. Constitutional Accountability Center is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case.

  2. CAC has filed *amicus* briefs in the Supreme Court and other courts addressing the constitutionality of officer removal protections. *See* Brief of Current and Former Members of Congress as *Amicus Curiae* in Support of Affirmance, *Seila Law LLC v. CFPB*, No. 19-7 (U.S. filed Jan. 20, 2020); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Defendants-Appellants, *Space Expl. Techs. Corp. v. NLRB*, Nos. 24-50627, 24-40533, 24-10855 (5th Cir. filed Nov. 4, 2024); Brief of Constitutional Accountability Center as *Amicus Curiae* in

Support of Plaintiff's Expedited Motion for Summary Judgment, *Wilcox v. Trump*, No. 25-cv-00334 (D.D.C. filed Feb. 14, 2025). Accordingly, CAC has developed expertise regarding presidential removal authority, and its brief provides more detail on certain issues than the parties can address.

2. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *Microsoft Corp.*, 2002 WL 319366, at *3 (same).

3. The proposed, attached *amicus* brief satisfies these standards. It explains that precedent, established practice, and the original meaning of the Constitution are all at odds with

Defendants' justifications for President Trump's attempted firing of Cathy Harris. The brief reviews recent Supreme Court precedent on the constitutionality of officer removal protections, showing that this precedent continues to affirm the constitutionality of provisions guaranteeing good-cause tenure to the heads of multimember expert agencies. The brief also describes the long history of independent agencies in the federal government, which stretches back 150 years and has created a "practical exposition" of the Constitution "too strong and obstinate to be shaken," *Stuart v. Laird*, 5 U.S. 299, 309 (1803). Finally, the brief discusses understandings of the removal power in the Founding era and early Republic, demonstrating that presidential removal authority was compatible with congressional power to modify or limit that authority.

4. All parties have consented to the filing of this brief.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is enclosed with this motion.

Respectfully submitted,

Dated: February 24, 2025

/s/ Brianne J. Gorod
Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
Margaret Hassel (DC Bar No. 90029057)
CONSTITUTIONAL ACCOUNTABILITY
    CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amicus Curiae*