## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATHY A. HARRIS,

*Plaintiff,*

*v.*                                                          Civil Action No. 1:25-cv-00412-RC

SCOTT BESSENT, *et al.,*

*Defendants.*

## DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL

Plaintiff Cathy Harris filed this action on February 11, 2025, ECF No. 1, challenging the President's decision to remove her as a Member of the Merit Systems Protection Board (MSPB) the previous day. Plaintiff also moved for a temporary restraining order, ECF No. 2. On February 18, 2025, the Court granted Plaintiff's motion for a temporary restraining order, requiring that Plaintiff "shall continue to serve as Chairman of the MSPB" and that Defendants other than President Trump are "**ENJOINED** from removing Harris from her office or in any way treating her as having been removed, denying or obstructing Harris's access to any of the benefits or resources of her office, placing a replacement in Harris's position, or otherwise recognizing any other person as a member of the MSPB in Harris's position, pending further order of the Court." Order, ECF No. 9.

The parties agreed to consolidate the Court's consideration of the Plaintiff's request for a preliminary injunction with the merits. Joint Status Report, ECF No. 13. On February 23, 2025, Plaintiff filed a Motion for Preliminary Injunction and Judgment on the Merits, ECF No. 22, which was fully briefed as of March 2, 2025, *see* ECF Nos. 33, 38. The Court held a hearing on March 3, 2025, the day before the temporary restraining order expired.

On March 4, 2025, the Court entered an Order granting Plaintiff's Motion for Summary Judgment. Order, ECF No. 40. That Order "**DECLARED** that Plaintiff Cathy A. Harris remains a member of the Merit Systems Protection Board . . . and that she may be removed by the President prior to the expiration of her term in office only for inefficiency, neglect of duty, or malfeasance in office pursuant to 5 U.S.C. § 1202." *Id.* at 1. The Court further ordered that Plaintiff "shall continue to serve as a member of the Merit Systems Protection Board until her term expires pursuant to 5 U.S.C. § 1202, unless she is earlier removed for inefficiency, neglect of duty, or malfeasance in office under that statute." *Id.* The Court also enjoined Defendants other than President Trump "from removing Harris from her office without cause or in any way treating her as having been removed without cause, denying or obstructing Harris's access to any of the benefits or resources of her office, placing a replacement in Harris's position, or otherwise recognizing any other person as a member of the Merit Systems Protection Board in Harris's position." *Id.* at 1-2.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) in the event that Defendants request a stay pending appeal from the United States Court of Appeals for the D.C. Circuit ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully move the Court to stay its final order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh decisively in favor of a stay.

First, Defendants have made a "strong showing" that they are likely to succeed on the merits.

The Constitution vests the entirety of the "executive Power" in the President, who is given the sole responsibility to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 1, cl. 1; *id.* § 3. "[A]s a general matter," the executive power encompasses "the authority to remove those who assist [the President] in carrying out his duties." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 513–14 (2010). Without such power, the President would be unable to control those who aid him in executing the laws and "could not be held fully accountable for discharging his own responsibilities." *Id.* at 514. The Supreme Court has recognized an exception to the President's removal authority, holding that Congress could impose for-cause removal restrictions on "a multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 216 (2020) (citing *Humphrey's Executor v. United States*, 295 U.S. 602 (1935)). That exception, along with another exception for certain inferior officers clearly not at issue here, "represent . . . the outermost constitutional limits of permissible congressional restrictions on the President's removal power." *Id.* at 218. Yet this Court erroneously extended *Humphrey's Executor* to reach the leaders of an agency— the MSPB—that exercises executive power.

In addition, an injunction preventing the President from removing a principal officer who leads a federal agency, "and thus controlling how [s]he performs h[er] official duties—is virtually unheard of." *Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *14 (D.C. Cir. Feb. 15, 2025) (Katsas, J., dissenting). The relief entered by this Court "necessarily targets the president—the only official with the statutory and constitutional authority to appoint, remove, and supervise" members of the MSPB. *Id.* at *13 n.2. It also exceeds the scope of the Court's equitable powers. Federal courts' equitable authorities are those traditionally available to a court sitting in equity at the Founding, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999), and the Supreme Court has long held that a court cannot, "by injunction, restrain an executive officer from making a wrongful

removal of a subordinate appointee, nor restrain the appointment of another." *White v. Berry*, 171 U.S. 366, 377 (1898). And the declaratory judgment entered in this case is "essentially an equitable cause of action" because it has "virtually the same practical impact as a formal injunction would." *Samuels v. Mackell*, 401 U.S. 66, 70, 72 (1971).

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). As a result of the Court's order, a person the President has chosen to remove from office is exercising executive power over the President's objection, a harm that is transparently irreparable.

Conversely, Plaintiff has not established that she will suffer irreparable harm if the Court's order is stayed pending appeal. Challenges to removals have historically been litigated through suits for back pay, not reinstatement. *See, e.g.*, *Humphrey's Executor v. United States*, 295 U.S. 602, 618 (1935). And reinstating Plaintiff would call into question the validity of any actions taken by the MSPB, with her as a member, while the Government seeks further review of this case. *See Collins v. Yellen*, 594 U.S. 220, 259 (2021) (private parties may be entitled to a remedy when an unconstitutional removal restriction "inflict[s] compensable harm," such as if "the President had attempted to remove [an agency head] but was prevented from doing so by a lower court decision").

For these reasons, the Court should grant a stay of its March 4, 2025, final order pending resolution of Defendants' appeal.

Dated: March 4, 2025                     Respectfully submitted,

                                         YAAKOV M. ROTH
                                         *Acting Assistant Attorney General*
                                         *Civil Division*

                                         CHRISTOPHER R. HALL
                                         *Assistant Branch Director*

                                         */s/ Jeremy S.B. Newman*
                                         JEREMY S.B. NEWMAN
                                         (DC Bar No. 1024112)
                                         *Trial Attorney*
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, DC 20530
                                         Telephone: (202) 532-3114
                                         Email: jeremy.s.newman@usdoj.gov

                                         *Counsel for Defendants*